UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAY M. GRANT JR.; AS EXECUTOR OF THE ESTATE OF MARJORIE W. GRANT, AND AS EXECUTOR OF THE ESTATE JAY M. GRANT; | ) | |
| Plaintiff, | ) | 1:23-CV-296-KAC-MJD |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant the United States of America's Motion for Summary Judgment [Doc. 35]. For the reasons below, the Court **GRANTS** the Motion [Doc. 35].

## I. Background

This suit arises out of requests for a refund of federal income taxes paid in 2013 and 2014. Jay M. Grant, Sr. and his wife Marjorie W. Grant jointly paid their federal income tax liability for 2013 and 2014 [*See* Doc. 36-2]. Mr. Grant was a minority member in Amusement Products, LLC [*See, e.g.*, Doc. 50-1 at 15]. From 2011 to 2019, he received a yearly Schedule K-1 Form, reflecting his share of partnership income in Amusement Products [*See id.* at 14-38].

In September 2020, Amusement Products filed an amended return for the 2018 tax year [*See* Doc. 36-3 at 1-5]. In the amended return, Amusement Products claimed a significantly increased loss [*See* Doc. 36-3 at 2]. Amusement Products then issued an amended Schedule K-1 to Mr. Grant for the 2018 tax year [*See* Doc. 50-1 at 73-76]. Shortly thereafter, Mr. Grant passed.

Mrs. Grant filed an amended 2018 tax return on behalf of herself and Mr. Grant [*See* Doc. 50-1 at 39-76]. In the amended 2018 return, the Grants claimed a total "nonpassive" loss of

$537,120 based on the amended Schedule K-1 [*See* Doc. 50-1 at 51]. This resulted in a "corrected" adjusted gross income of negative $428,221 for 2018 [*See* Doc. 36-6 at 1].

The Grants then filed amended tax returns for 2013 and 2014, carrying back the 2018 losses [*See* Docs. 36-7 at 1, 36-8 at 1]. In the amended returns, the Grants sought significant income tax refunds [*See id.*]. The IRS denied the refunds [*See* Doc. 50-1 at 77, 85].

Mrs. Grant filed suit on behalf of herself and Mr. Grant in December 2023 [*See* Doc. 1]. The then-Parties held a Federal Rule of Civil Procedure 26(f) conference and agreed to "exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before June 17, 2024" [Doc. 13 at 1-2]. The Court memorialized that agreement in its scheduling order [*See* Doc. 14 at 2].

In the June 17, 2024 initial disclosures, the then-Plaintiff identified "James D. Purgason;" "Marjorie Grant;" "[a]ny individuals identified or referenced in Plaintiff's pleadings and any exhibits thereto;" "[a]ny individuals identified or referenced in Defendant's pleadings and any exhibits thereto;" and "[a]ll individuals identified or disclosed in Plaintiff's and Defendant's initial disclosures, written discovery responses of any party, the produced documents, depositions, or in response to subpoenas that are issued and/or answered by any party during discovery in this matter" as individuals likely to have discoverable information [Doc. 53-2 at 2]. *See* also Fed. R. Civ. P. 26(a)(1)(A)(i). In November 2024, Mrs. Grant passed. The Court substituted Jay M. Grant, Jr.; the Grants' surviving son and executor of the Grants' estates; as Plaintiff [*See* Docs. 16, 18, 19]. There is no evidence in the record that Plaintiff ever supplemented the initial disclosures.

During discovery, Mr. Grant's involvement with Amusement Products in 2018 and earlier was a key issue. Amusement Products; through deponent Earl Knight Magrath, III; testified that in 2018, Mr. Grant "still had the title of CEO," but he "wasn't very active in the company" [Doc. 36-11 at 5]. Mr. Grant "wasn't active in the day-to-day operations at all" because he "retired" "in

2005, maybe 2006" [*Id.* at 5-6]. "2008" was "the very latest timeframe" that Mr. Grant "start[ed] having less of a day-to-day role" with the company [*Id.* at 6].

At the close of discovery, Defendant moved for summary judgment [*See* Docs. 14, 35]. Among other things, Defendant argued that there was not evidence that Mr. Grant "'materially participated' in Amusement Products' trade or business such that the 2018 loss was a deductible active loss for the decedents' income taxes" [Doc. 35 at 6 (citing 26 U.S.C. § 469(a); *Sellers v. Comm'r of Internal Revenue*, 119 T.C.M. (CCH) 1571 (T.C. 2020); and the deposition of Amusement Products)].

In response to the motion for summary judgment, and after discovery had closed, Plaintiff submitted his own affidavit [Doc. 50-1 at 95]. His recollection of Mr. Grant's involvement in Amusement Products over decades of time is not consistent with the testimony of Amusement Products [*See* Doc. 50-1 at 96]. Defendant replied, arguing that Plaintiff's affidavit is not proper evidence because, among other things, he "was not disclosed as a fact witness in [the] initial disclosures" or a supplement [*See* Doc. 53 at 4]. Plaintiff did not respond to this argument.

## II. **Analysis**

Under Rule 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An Internal Revenue Service (IRS) tax assessment "is entitled to a legal presumption of correctness." *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) (citations omitted); *see also McGowen v. United States*, 143 F.4th 686, 696 (6th Cir. 2025) ("we ordinarily presume that the IRS's tax liability determinations are correct"). "Certificates of assessments and payments are generally regarded as being sufficient proof" of "the adequacy and propriety of notices and assessments that have been made." *Gentry v. United* States, 962 F.2d 555,

557 (6th Cir. 1992) (citations omitted). Here, IRS Certificates of Assessment for 2013 and 2014 show a disallowance of the Grants' claimed refunds [*See* Doc. 36-2]. So, Plaintiff "bears the burden of proving facts necessary to establish 'the amount he is entitled to recover'" as a refund. *See McGowen*, 143 F. 4th at 696 (quoting *United States v. Janis*, 428 U.S. 433, 440 (1976)).

Even viewing the facts in the light most favorable to Plaintiff, he fails to meet this burden. Under the Tax Code, an individual is generally not allowed to deduct "passive activity" losses. *See* 26 U.S.C. § 469(a)-(b); *see also Brumbaugh v. Comm'r of Internal Revenue*, T.C. Memo 2018-40, 2018 WL 1611827, at *3 (2018). A "passive activity" is one "in which the taxpayer does not materially participate." 26 U.S.C. § 469(c)(1)(B). An individual can attempt to show that he "materially participate[d]" in an activity for a taxable year by showing at least one (1) of seven (7) possible circumstances. *See* 26 C.F.R. § 1.469-5T(a)(1)-(7).

Plaintiff put only two (2) circumstances at issue [*See* Doc. 50 at 5]. In the first, the individual must "participate[] in the activity for more than 500 hours during such year"—the relevant tax year. *See* 26 C.F.R. § 1.469-5T(a)(1). In the second, the individual must have "materially participated in the activity . . . for any five taxable years (whether or not consecutive) during the ten taxable years that immediately precede the taxable year." *See id.* § 1.469-5T(a)(5). Plaintiff relies on his own affidavit to attempt to establish both circumstances.

But Plaintiff's affidavit is not properly before the Court. When a party moves for summary judgment and establishes that the record does not "show[] a genuine dispute of material fact, the nonmoving party 'must make an affirmative showing with proper evidence in order to defeat the motion.'" *M.J. by and through S.J. v. Akron City Sch. Bd. of Educ.*, 1 F.4th. 436, 445 (6th Cir. 2021) (quoting *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009)). Under Rule 26(a), Parties must make initial disclosures, including "the name" of "each individual likely to have

discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also requires Parties to supplement these disclosure "in a timely manner" when a disclosure is materially "incomplete or incorrect." *See id.* R. 26(e)(1)(A). If a party fails to "identify a witness as required by Rule 26(a)," "the party is not allowed to use that" witness "to supply evidence on a motion" "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In assessing whether a failure is "substantially justified" or "harmless," the Court considers:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). "District courts have broad discretion in applying these factors and need not apply each one rigidly." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 669 (6th Cir. 2024) (citation omitted).

Here, there is no dispute that Plaintiff was not specifically identified and disclosed as a witness with discoverable information [*See* Docs. 53 at 4, 53-2 at 2]. Plaintiff is also not identified or referenced in the complaint or exhibits [*See* Doc. 1]. Nor is he identified or referenced in Defendant's answer [*See* Doc. 8]. And the catchall disclosure, extending to anyone listed in "the produced documents," is insufficient under Rule 26 [*See* Doc. 53-2 at 2]. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 (E.D. Ky. 2014); *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020) (Rule 26 is not satisfied simply because the information "can somehow be unearthed like a needle in a haystack").

Further, the failure to identify Plaintiff was neither "substantially justified" nor "harmless." *See* Fed. R. Civ. P. 37(c); *Howe*, 801 F.3d at 748. Under the law, Mr. Grant's involvement with Amusement Products is at the crux of this case. And Plaintiff's purported knowledge of Mr.

Grant's weekly work schedule during Plaintiff's "childhood" and "for my [his] entire professional career" starting in approximately 1973, came as a surprise to Defendant [*See* Docs. 50-1 at 96, 53 at 3-5]. Plaintiff's affidavit was only disclosed after discovery had closed, limiting Defendant's ability to cure the surprise [*See* Docs. 14, 50-1 at 95]. And Plaintiff has provided no explanation for his failure to disclose. So, Plaintiff "is not allowed" to use the affidavit as evidence at summary judgment. *See* Fed. R. Civ. P. 37(c)(1).

The remaining record fails to combat the presumption of correctness. *See Fior D'Italia, Inc.*, 536 U.S. at 242. The testimony of Amusement Products cuts against Plaintiff. Time, not titles, controls the legal inquiry. *See* 26 C.F.R. § 1.469-5T(a)(1), (5). Plaintiff appears to point to an affidavit from James Purgason, the CPA who submitted the amended returns [*See* Doc. 50 at 5]. But that affidavit does not stand for the propositions asserted [*Compare* Doc. 50 at 5 *with* Doc. 50-1 at 98]. And the attachments to the affidavit, even considered with the affidavit, do not carry the day [*See* Doc. 50-1 at 100-06]. Without more, Plaintiff fails to overcome the presumption of correctness. Defendant is therefore entitled to summary judgment.

## III. <u>Conclusion</u>

For the reasons above, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 35] and **DISMISSES** this action. Because no claims remain, an appropriate judgment shall enter.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge